**FILED**
Samuel L. Ray, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cking at 2:23 pm, Mar 05, 2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>09-51272</u> |
| DOUGLAS ASPHALT COMPANY | ) | |
| | ) | |
|    Debtor in Possession | ) | |
| | ) | |
| | ) | |
| SAVAGE, TURNER, PINSON & | ) | |
| KARSMAN and KENNETH E. | ) | |
| FUTCH, P.C. | ) | |
| | ) | |
|    Creditors/Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUMBERMENS MUTUAL CASUALTY | ) | |
| COMPANY, ARCH INSURANCE | ) | |
| COMPANY, and ZURICH AMERICAN | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
|    Objecting Creditors | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOUGLAS ASPHALT COMPANY | ) | |
| | ) | |
|    Debtor in Possession | ) | |
| | ) | |
|    Respondents | ) | |

### ORDER

This matter comes before me on the Motion for Hearing Regarding Attorney's Lien and Request for Disbursement of Funds ("Motion") filed by Creditors Savage, Turner, Pinson & Karsman

and Kenneth E. Futch, P.C. (collectively, the "Law Firms"). The Law Firms seek disbursement of $1,710,636.46 in fees and expenses ("Fees") arising from their representation of the Debtor in Possession in <u>Douglas Asphalt Co. v. Applied Technical Services, Inc.</u>, No. CV206-229 (S.D. Ga. judgment entered Oct. 2, 2009) (the "Lawsuit"), "and related matters" (Dkt. No. 29 at 3). They claim liens pursuant to Georgia's attorney's lien statute, O.C.G.A. § 15-19-14(b), against $2,000,000.00 in funds ("Settlement Proceeds") paid into the registry of this Court on account of a settlement agreement in the Lawsuit. Because the Motion involves the determination of the priority and extent of liens, Federal Rule of Bankruptcy Procedure 7001(2) mandates compliance with the procedural requirements in adversary proceedings.

The Law Firms are proceeding under the theory that they are entitled to disbursement of the Fees pursuant to their respective attorney's liens. (<u>See</u> Dkt. No. 29 at 4.) Although the Debtor in Possession has filed a motion pursuant to 11 U.S.C. § 327 to allow the Law Firms to represent it in connection with the Lawsuit, that appointment, if approved over pending objection, would apply by its terms prospectively to post-judgment matters. (<u>See</u> Dkt. No. 98 at 2-3.) There is no claim that the Law Firms are entitled to disbursement of the Fees pursuant to 11 U.S.C.

2

AO 72A
(Rev. 8/82)

§ 330 as professional persons employed by the Debtor in Possession.

Under Georgia's attorney's lien statute, attorneys have liens against judgment proceeds that are "superior to all liens except tax liens." O.C.G.A. § 15-19-14(b). In addition to the fact that several creditors have already objected to disbursement of the Fees and challenged the extent of each Law Firm's lien (Dkt. Nos. 116, 117), the Debtor in Possession's schedules indicate that various taxing authorities have claims in this case (see Dkt. No. 59 at 16-17; Dkt. No. 131 at 1-2). The existence of those tax creditors as well as other lien claimants necessitates a determination as to the extent and priority of the Law Firms' attorney's liens given that a taxing authority could assert a tax lien against the Settlement Proceeds that would be superior to the Law Firms' liens and other lien claimants dispute the extent of the liens. Because those determinations require an adversary proceeding, see F.R.B.P. 7001(2), this matter cannot proceed as a contested matter.

It is therefore **ORDERED** that Savage, Turner, Pinson & Karsman and Kenneth E. Futch, P.C. recast their Motion as a complaint. It is further **ORDERED** that the Clerk of Court shall issue summons, which shall be served upon all named defendants by

AO 72A
(Rev. 8/82)

Savage, Turner, Pinson & Karsman and Kenneth E. Futch, P.C. in accordance with the Federal Rules of Bankruptcy Procedure.

```
_____
JOHN S. DALIS
United States Bankruptcy Judge
```

Dated at Brunswick, Georgia,
this \_\_\_ day of March, 2010.